BC
RECEIVED AXK
4/2/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

1:25-cv-03541
Judge Elaine E. Bucklo
Magistrate Judge Young B. Kim
RANDOM/ Cat. 2

Sharon Mitchell, Plaintiff

V.

Kendall County, Illinois, Kendall County Sheriff's Office,

Deputy Cantwell, Deputy Donohoe, Commander J. Russo,

Dr. Roz, Sheriff Dwight A. Baird,

Defendants

## COMPLAINT

Now Comes the Plaintiff Sharon Mitchell, Pro se, complaining against the Defendants.Kendall County Detention Center, Kendall County Sheriff's Office, Deputy Cantwell, Deputy Donohoe Unknown individuals to be named through discovery and in furtherance thereof, states as follows:

### PARTIES

1. Plaintiff, Sharon Mitchell, a resident of Plano, Kendall County, Illinois.
2. Dwight A. Baird is an independently elected sheriff and serves sas the county's highest ranking law enforcement official
3. Deputy Cantwell is employed as a sheriff at the Kendall County Detention Center in Kendall County, Illinois.
4. Deputy Donohe is employed as a sheriff at the Kendall County Detention Center in Kendall County, Illinois.
5. Commander J. Russo provides oversight and leadership to the Deputies and Sergeants in the Corrections Division at the Kendall County Detention in Kendall County, Illinois.
6. Dr. Roz was the treating physician at the Kendall County Detention Center in Kendall County, Illinois.

7. Kendall County is a necessary party in any suit seeking damages against an independently elected county officer sued in his official capacity because it would be required to pay any damages under Illinois law.

**JURISDICTION AND VENUE**

8. The amount in controversy is in excess of $75,000.00.
9. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 because Plaintiff and all
10. Defendants are citizens of and domiciled in Illinois, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.
11. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1343 because this
12. action arises under the laws of the United States - specifically, 42 U.S.C. §§ 1983 and 1988, the United States Constitution and the First, Fifth and Fourteenth Amendments to the United States Constitution.
13. This Court has pendent jurisdiction over Plaintiff' state law claims pursuant to 28 U.S.C.
    a. §1367.
14. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendants
15. reside in this District and the acts giving rise to the claims herein occurred in this District.

**FACTS**

16. Around March 5, 2020, Plaintiff was standing at the pod door waiting for the nurse to administer medicine when Deputy Cantwell screamed at her to collect her belongings and placed her in 6 x 9 cell without any bedding where she remained for the next 5 days with another individual and they both slept together on a concrete slab without any bedding besides a blanket.
17. Approximately 2 - 3 weeks later, Plaintiff requested a sick call because of numbness on her right hand.  She saw the doctor who told her to do exercises with a towel to stretch her muscles.  She continued to complain and even wrote a letter to the Sheriff to advise him that her medical condition is not being addressed adequately and the numbness was starting to spread to her other fingers to no avail.
18. Plaintiff was released from jail and went to see her doctor who immediately recommended she be seen by an Orthopedic specialist, Dr. Jonathan L. Teuting.  Upon being seen by Dr Teuting, she was diagnosed with Ulnar neuropathy of the right upper extremity and the proximate cause was due to being subjected to sleeping on the concrete slab without any bedding while in the Kendall County Jail.

19. Plaintiff had to undergo surgery to her Ulnar in an attempt to correct the condition. To date, the numbness has improved somewhat but still exists and affects her greatly.
20. Plaintiff was involved in several legal cases and needed basic legal assistance. She submitted several inmate requests asking for access to the law library and assistance with completion of legal documents. In one response, Deputy #1415 responded that the video visitation box is the law library and attached a list of Bar Association Member Names of which none of them had any contact information. The Kendall County Jail does not have anyone that can provide you with basic legal assistance.
21. On another of my grievances for assistance, dated April 24, 2020, the response received was that they are not allowed to assist inmates with looking up legal information for their cases.
22. As a ruse to shakedown of Plaintiffs room, a couple of days later Deputy Cantwell came in the pod, removed Plaintiff from her cell, took her to what he called the "law library" and had her sit in a room with two computers where the federal inmates use to communicate with their attorneys for approximately an 1 hour. When he returned he stated "I told you there was no law library". He then gave Sergeant Belmonte a shakedown sheet which listed Plaintiffs personal drawings as contraband.
23. In addition, I received legal mail from Deputy Montes, which was clearly marked legal mail on the envelope, opened before being delivered to me on several occasions. Deputy Hasson was the mail deputy and each time I filed a grievance they would come with an excuse that it was not labeled. I would receive nothing but legal mail while I was incarcerated. In addition, they would come into my cell and retrieve my legal documents without cause. Each time I filed a grievance they would state I never received legal mail but could never explain why I have legal mail in my possession.
24. The previous night Deputy Dunahoe attempted to bait me into an argument so she could place Plaintiff on lockdown in which she did not succeed. Therefore the next day, when trays were served,she was serving them and my tray is identified with my name. When I received my tray it had 2 slices of moldy bread. As soon as you saw the bread the mold was clearly visible to the naked eye. It's upon information and belief that Deputy Dunahoe had been involved with tampering with Plaintiffs tray that morning. No one else in the pod received any moldy bread in their trays.

**COUNT I**

**THE RIGHT TO ACCESS THE LAW LIBRARY - FOURTEENTH AMENDMENT**

25. Plaintiff herein restates and realleges the allegations set forth in paragraphs 1 through 24 above.

26. The Fourteenth Amendment to the United States Constitution includes the Due Process Clause, which prohibits states from depriving any person of life, liberty, or property without due process of law. This clause ensures that government actions must follow legal procedures and provide fair treatment. It imposes the same procedural due process limitations on states as the Fifth Amendment does on the Federal Government.

27. Defendants violated Plaintiffs Fourth Amendment rights to have access to the law library when they continually deprived her assistance with legal research.

## COUNT II
## FAILURE TO PROVIDE ADEQUATE MEDICAL CARE - FOURTEENTH AMENDMENT

28. Plaintiff herein restates and realleges the allegations set forth in paragraphs 1 through 24 above.

29. The Fourteenth Amendment to the United States Constitution includes the Due Process Clause, which prohibits states from depriving any person of life, liberty, or property without due process of law. This clause ensures that government actions must follow legal procedures and provide fair treatment. It imposes the same procedural due process limitations on states as the Fifth Amendment does on the Federal Government.

30. Defendants violated Plaintiffs Fourth Amendment rights to have access to adequate medical care.

## COUNT III
## FAILURE TO PROVIDE ADEQUATE MEALS - FOURTEENTH AMENDMENT

31. Plaintiff herein restates and realleges the allegations set forth in paragraphs 1 through 24 above.

32. The Fourteenth Amendment to the United States Constitution includes the Due Process Clause, which prohibits states from depriving any person of life, liberty, or property without due process of law. This clause ensures that government actions must follow legal procedures and provide fair treatment. It imposes the same procedural due process limitations on states as the Fifth Amendment does on the Federal Government.

33. Defendants violated Plaintiffs Fourth Amendment rights to have access to adequate meals.

**WHEREFORE**, Plaintiff, Sharon Mitchell, respectfully requests that this Court enter a judgment in her favor and against Kendall County, Illinois, Kendall County Sheriff's Office, Deputy Cantwell, Deputy Donohoe, Commander J. Russo, Dr. Roz, Sheriff Dwight A. Baird, awarding compensatory damages, attorney's fees and costs against each defendant, punitive damages against each of the individual defendants and other relief as this Court deems just and appropriate.

Respectfully submitted

/s/ Sharon Mitchell

Plaintiff, Pro se
3105 Hoffman Street
Plano, IL 60545
443-850-5259