**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SHARON MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25-cv-3541 |
| | ) | |
| v. | ) | Hon. Jeffrey I. Cummings |
| | ) | |
| KENDALL COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On April 2, 2025, plaintiff Sharon Mitchell filed a *pro se* complaint, (Dckt. #1), accompanied by an application to proceed *in forma pauperis*, (Dckt. #4). For the reasons set forth below, plaintiff's motion to proceed *in forma pauperis*, (Dckt. #4), is granted in light of her financial status, however, her complaint is dismissed without prejudice for failure to state a claim. Plaintiff is granted leave to file a motion for leave to file an amended complaint on or before July 18, 2025, if she believes she can file an amended complaint that (1) is consistent with this Order; (2) is consistent with Federal Rule of Civil Procedure 11 (which requires that all claims be well-grounded in fact and law); and (3) asserts proper claims over which this Court has jurisdiction. Plaintiff shall attach a copy of her proposed amended complaint as an exhibit to her motion for leave to file an amended complaint. Failure to file a motion for leave to file an amended complaint in accordance with this Order will result in dismissal of this action for want of prosecution.

**I. Application to Proceed In Forma Pauperis ("IFP")**

The federal IFP statute, 28 U.S.C. §1915, is designed to ensure indigent litigants meaningful access to the federal courts while simultaneously preventing the filing of frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams,* 490 U.S. 319, 324 (1989). Before authorizing a litigant to proceed *in forma pauperis*, the Court must make two determinations: first, the Court must determine that the litigant is unable to pay the $405 filing fee; and second, the Court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. §1915(a), (e).

The first determination is made through a review of the litigant's assets as stated in an affidavit submitted to the Court. "To qualify for IFP status, a plaintiff must fully disclose her financial condition, and she must do so truthfully under penalty of perjury." *Effinger v. Monterrey Sec. Consultants*, 546 F.Supp.3d 715, 717 (N.D.Ill. 2021) (citing 28 U.S.C. §1915(a)(1)). "In order to proceed in forma pauperis, a plaintiff's income must be at or near the poverty level." *Barnes v. Reynolds*, No. 20-CV-5796, 2021 WL 4945191, at *2 (N.D.Ill. Feb. 1,

2021).

According to plaintiff's IFP application, (Dckt. #4), she has been unemployed since 2020 and has received approximately $23,000 in disability or workers' compensation income over the past twelve months. Although this places plaintiff above the poverty line for a household of one,[1] she has no other notable income or assets, and has significant credit card debt and monthly bills. Based on this information, the Court finds that plaintiff is indigent and may proceed *in forma pauperis* in this case.

The Court next turns to plaintiff's complaint, (Dckt. #1). After finding that a person qualifies to proceed *in forma pauperis*, the Court must screen the complaint. *See Vey v. Clinton*, 520 U.S. 937, 937-38 (1997) (applying §1915(e)(2)(B)(i) to non-inmate); *Jaros v. IDOC*, 684 F.3d 667, 668 n.1 (7th Cir. 2012) (collecting cases holding that §1915(e)(2) screening applies to non-prisoner suits). Again, the Court may accept the complaint if it is non-frivolous, states a claim upon which relief may be granted, and seeks monetary damages against a defendant who is not immune from such damages. 28 U.S.C. §1915(e)(2)(B). Courts screen complaints in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Courts must also "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Here, plaintiff – a former inmate of Kendall County Jail – brings this action against Kendall County, Kendall County Sheriff's Office, and four named officers. Specifically, plaintiff alleges that on March 5, 2020, she was standing at the door of her cell waiting for a nurse to administer medicine when defendant "Deputy Cantwell screamed at her to collect her belongings and placed her in a 6 x 9 cell" where she remained for five days with another individual. Together, they slept on a "concrete slab" without any bedding besides a blanket. (Dckt. #1 at 2). "Approximately 2-3 weeks later," (presumably late March or early April 2020), plaintiff requested a sick call because of numbness on her right hand. The examining doctor told her to do exercises with a towel to stretch her muscles, but plaintiff continued to complain, included writing a letter to the Sheriff to advise him that her medical condition was not being adequately addressed.

Plaintiff was released from jail (on an unknown date) and went to see her doctor

---

[1] *See* https://aspe.hhs.gov/sites/default/files/documents/dd73d4f00d8a819d10b2fdb70d254f7b/detailed-guidelines-2025.pdf (last visited June 20, 2025).

"immediately." (*Id.*). Ultimately, she was diagnosed with "ulnar neuropathy of the right upper extremity and the proximate cause was due to being subjected to sleeping on the concrete slab [in early March 2020] while in the Kendall County Jail." (*Id.*).

Plaintiff further alleges that during her time in Kendall County she "was involved in several legal cases and needed basic legal assistance." (*Id.* at 3). Plaintiff submitted several requests for access to the law library and assistance with completion of legal documents, but was denied proper access even after filing grievances. On one occasion, on April 24, 2020, defendants responded to a grievance that they "are not allowed to assist inmates with looking up legal information for their cases." (*Id.*). Plaintiff also maintains that defendants kept her legal mail from her and that on one occasion (with an unknown date) she was served "2 slices of moldy bread." (*Id.*).

Plaintiff brings claims – presumably pursuant to 28 U.S.C. §1983 – for failure to provide adequate medical care, improper access to the law library, and inadequate meals, all purportedly in violation of the Fourteenth Amendment. For the following reasons, plaintiff's complaint fails to state a claim.

First, plaintiff's claim for inadequate medical care caused by her March 2020 stint sleeping on a concrete slab appears to be time-barred. "Claims under §1983 borrow the statute of limitations for personal injury actions in the state in which the cause of action arose." *Cielak v. Nicolet Union High Sch. Dist.*, 112 F.4th 472, 477 (7th Cir. 2024). In Illinois, that statute of limitations is two years. 735 ILCS 5/13-202. Accordingly, plaintiff's complaint filed five years after the March 2020 incident in question appears to fall outside the applicable statute of limitations.

Of course, the Court acknowledges that "medical care does not necessarily involve a single event, but instead a series of wrongful acts, the continuing violation doctrine can—in some cases—extend the date of accrual." *Ashford v. Lee*, No. 3:18-CV-50312, 2022 WL 3700742, at *7 (N.D.Ill. Aug. 26, 2022) (citing *Wilson v. Wexford Health Sources, Inc.*, 932 F.3d 513, 517 (7th Cir. 2019)). But even under that theory, if the plaintiff leaves the facility, "then the claim against medical staff in the transferor facility accrues on the date of transfer because they no longer have the power to remediate the plaintiff's medical concerns." *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001) ("This refusal continued for as long as the defendants had the power to do something about his condition, which is to say until he left the jail."). Here, without knowing *when* plaintiff left the jail, it is impossible to determine the potential for the application of the continuing violation doctrine, if any.

Second, with respect to plaintiff's access to the law library, although "inmates have a right grounded in the First and Fourteenth Amendments to access legal materials . . . this is not an 'abstract, freestanding right.'" *Burkes v. Grant Cnty. Jail*, No. 1:25-CV-104-PPS-AZ, 2025 WL 1092367, at *1 (N.D.Ind. Apr. 10, 2025), *quoting Lewis v. Casey*, 518 U.S. 343, 351 (1996). "Instead, it hinges on whether there was prejudice to a non-frivolous legal claim." *Burkes*, 2025 WL 1092367, at *1. Accordingly, to properly state a claim, a plaintiff must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions."

3

*Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Here, plaintiff has failed to include even the "minimal" detail required, pleading only that "she was involved in several legal cases and needed basic legal assistance." (Dckt. #1 at 3). She does not, however, describe any connection between her alleged lack of access and an inability to pursue those claims. Even if she had, plaintiff has failed to provide the dates of each time defendants allegedly denied her access to the library and thus, as above, it is likely that her claim is time barred given that her allegations appear to be centered around the March/April 2020 timeframe. The same is true of her claim for inadequate meals because she does not indicate *when* she was given "2 slices of moldy bread." (Dckt. #1 at 3).

For all of these reasons, plaintiff's complaint is dismissed. Plaintiff is granted leave to file a motion for leave to file an amended complaint on or before July 18, 2025, if she believes she can file an amended complaint that (1) is consistent with this Order; (2) is consistent with Federal Rule of Civil Procedure 11 (which requires that all claims be well-grounded in fact and law); and (3) asserts proper claims over which this Court has jurisdiction. Plaintiff shall attach a copy of her proposed amended complaint as an exhibit to her motion for leave to file an amended complaint. Failure to file a motion for leave to file an amended complaint in accordance with this Order will result in dismissal of this action for want of prosecution.

**DATE: June 25, 2025**

**Jeffrey I. Cummings**
**United States District Court Judge**